Jennifer Fraser Parrish (11207)
   parrish@mcpc.law
Yevgen Kovalov (16297)
   kovalov@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

John A. Love (P*ro Hac Vice* application forthcoming)
   tlove@loveconsumerlaw.com
**LOVE CONSUMER LAW**
2500 Northwinds Parkway, Suite 330
Alpharetta, Georgia 30009
Telephone 404.855.3600

Counsel for Plaintiff Tyler Kania

# THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| **TYLER KANIA**, an individual,<br><br>       Plaintiff,<br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.**,<br><br>       Defendant. | COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>Case No.:  4:25-cv-120<br><br>Honorable |

Plaintiff, Tyler Kania, by counsel, hereby files his Complaint ("Complaint") against Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") as follows:

### INTRODUCTION

1.     This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA").

2. Plaintiff is the victim of identity theft as the result of a fraudster's unauthorized use of some of his personal identifiable information ("PII") to open a Discover Bank credit card ending in account number 0222 (the "Account") in his name and without his knowledge or consent.

3. Plaintiff is a "consumer" and Defendant is a "consumer reporting agency" as those terms are defined by the FCRA.

4. As set forth below, Defendant reported the inaccurate and fraudulent Account in Plaintiff's credit file and on consumer reports issued by Defendant. Plaintiff repeatedly disputed the Account with Defendant but Defendant failed and refused to correct its inaccurate reporting of the Account and failed to conduct reasonable investigations of Plaintiff's disputes.

5. As set forth below, Plaintiff suffered concrete harm as a result of Defendant's violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

6. At all times material to this action, Plaintiff was a resident of the State of Utah and this Judicial District.

7. At all times material to this action, Defendant was a foreign corporation doing business in this District and is registered to do business in this District.

8. Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: CT Corporation System, 1108 E. South Union Ave., Midvale, UT 84047.

9. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

10. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

11. Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

12. Plaintiff lives in St. George, Utah. He did not open the Account. He did not authorize anyone to open the Account in his name. He has not used the Account. He has not benefited from the Account.

13. Upon information and belief, Plaintiff's PII was stolen and used by a third party to apply for and obtain the Account.

14. Discover reported the Account to Defendant to be included in Plaintiff's credit file maintained by Defendant.

15. Plaintiff disputed the accuracy of the Account several times with Defendant in the two years prior to the filing of this Complaint. In response, Defendant did not delete the Account from Plaintiff's credit file and failed to undertake reasonable investigations of Plaintiff's disputes of the Account.

16. Defendant received Plaintiff's disputes of the Account and the supporting documents he included with his disputes.

17. Defendant did not delete the inaccurate Account from Plaintiff's credit file in response to his disputes. Defendant published consumer reports to third parties about Plaintiff and containing the inaccurate and fraudulent Account.

18. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of emotional distress attributable to Defendant's improper investigations of his disputes made with Defendant and refusal to correct its inaccurate reporting, denial of credit attributable to consumer reports issued by Defendant, lost time and wasted effort making disputes with Defendant concerning the inaccurate Account reported by Defendant, harm to his credit score maintained by Defendant attributable to the Account as reported by Defendant, lost sleep, postage to mail credit report disputes to Defendant concerning Defendant's reporting of the Account, and the time and effort to review his credit reports from Defendant and make disputes to Defendant concerning the Account, all attributable to Defendant's violations of the FCRA as described herein.

19. Defendant failed to conduct a reasonable reinvestigation of Plaintiff's disputes of the Account and its conduct violated the FCRA.

20. Defendant's conduct was willful, reckless, and grossly negligent.

21. As a result of Defendant's violations of the FCRA, Plaintiff was required to retain legal counsel to assist him.

## COUNT ONE:
### Defendant's Negligent Violations of the FCRA

22. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

23. Defendant negligently violated the FCRA in at least the following ways:

   (a) Failing to meet its reinvestigation obligations with respect to Plaintiff's disputes of the Account in violation of 15 U.S.C. § 1681i(a); and,

   (b) Refusing to block the Account upon receipt of a valid identity theft report in violation of §1681c-2.

24. As a result of Defendant's violations of the FCRA, Plaintiff has been damaged as set forth above.

25. Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for his damages as set forth above and in an amount to be determined by the Court.

26. Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for his reasonable attorneys' fees and costs.

## COUNT TWO:
### Defendant's Willful Violations of the FCRA

27. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

28. Defendant willfully violated the FCRA in at least the following ways:

   (a) Failing to meet its reinvestigation obligations with respect to Plaintiff's disputes of the Account in violation of 15 U.S.C. § 1681i(a); and,

   (b) Refusing to block the Account upon receipt of a valid identity theft report in violation of §1681c-2.

29. As a result of Defendant's willful violations of the FCRA, Plaintiff has been damaged as set forth above.

30. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff for his damages as set forth above and in an amount to be determined by the jury.

31. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff for statutory and punitive damages as a result of its willful violations of the FCRA.

32. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff for his reasonable attorneys' fees and costs.

## TRIAL BY JURY IS DEMANDED

Plaintiff requests a jury trial on all claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the judgment be entered in his favor and against Defendant for his actual damages, punitive damages, statutory damages, attorneys' fees and costs, pre- and post-judgment interest, and all other relief deemed just, equitable, and proper by the Court.

Dated: October 15, 2025.    Respectfully submitted,

**MAGLEBY CATAXINOS, PC**

*/s/ Yevgen Kovalov*
Jennifer Fraser Parrish
Yevgen Kovalov

**LOVE CONSUMER LAW**
John A. Love*
*Pro Hac Vice* application forthcoming

Counsel for Plaintiff Tyler Kania